**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5328**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JASON ROBERT MCGAHA,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (7:09-cr-00131-D-2)

———————

Submitted: September 28, 2011      Decided: October 14, 2011

———————

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIUM:

Pursuant to a plea agreement, Jason Robert McGaha pled guilty to possession of a firearm by a convicted felon, and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), 2 (2006). The district court designated McGaha an armed career criminal, based on several North Carolina state felony breaking and entering convictions, as well as a North Carolina state felony conviction for eluding arrest with a motor vehicle with two aggravating factors, and sentenced him to 192 months' imprisonment. McGaha timely appealed.

McGaha's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but arguing that McGaha's prior state convictions were not punishable by more than a year in prison and therefore he was improperly designated an armed career criminal.[1] McGaha subsequently filed an unopposed motion to remand for resentencing in light of United States v. Simmons, ___ F.3d ___, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (No. 08-4475). For the reasons that follow, we vacate the criminal judgment, grant the motion to remand, and remand the case to the district court for

---

[1] Although advised of his right to do so, McGaha did not file a pro se supplemental brief.

reconsideration of McGaha's conviction and sentence in light of Simmons.

To qualify for the fifteen year mandatory minimum punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a felon in possession of a firearm must have three prior convictions for a violent felony or serious drug offense or both, committed on occasions different from one another. A qualifying offense must be punishable by a term exceeding one year. 18 U.S.C. § 924(e)(2)(B). Under North Carolina's structured sentencing scheme, sentences are calculated based on an offender's criminal history and whether his offense falls within the mitigated, presumptive, or aggravated range. N.C. Gen. Stat. § 15A-1340.17(c)-(d) (Lexis Nexis 2009).

At the time of McGaha's conviction and sentencing, existing precedent established that a prior conviction for a violent felony or serious drug offense was punishable by a prison term exceeding one year if the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history was more than a year. United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Recently, however, we overruled Harp with our en banc decision in United States v. Simmons, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (No. 08-4475), where we held that a North Carolina offense

3

may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. Simmons, 2011 WL 3607266, at *3.

McGaha did not receive a sentence exceeding twelve months for any of his offenses and it is unclear from the record on appeal whether any of his convictions exposed him to a sentence exceeding twelve months.[2] Thus, it is unclear from the record whether McGaha was properly designated an armed career criminal or even whether he is guilty of the offense to which he pled guilty. Accordingly, we vacate the criminal judgment, grant McGaha's unopposed motion to remand for resentencing, and remand to the district court for reconsideration of McGaha's conviction and sentence in light of Simmons.[3]

This court requires that counsel inform McGaha, in writing, of the right to petition the Supreme Court of the United States for further review. If McGaha requests that a petition be filed, but counsel believes that such a petition

_____

[2] To the extent that McGaha was convicted of aiding and abetting a § 922(g) offense, it is unclear from the record on appeal whether McGaha's co-defendant qualified as a felon for purposes of § 922(g).

[3] In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues for appeal.

4

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGaha. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>